IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 08-00202 DAE/KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CORNELL K. MACLOVES; | ) | |
| HAWAII HOUSING FINANCE & | ) | |
| DEVELOPMENT CORP., DEPT. | ) | |
| OF BUSINESS ECONOMIC | ) | |
| DEVELOPMENT & TOURISM; | ) | |
| DEPT. OF THE ATTORNEY | ) | |
| GENERAL, CHILD SUPPORT | ) | |
| ENFORCEMENT AGENCY, | ) | |
| STATE OF HAWAII; DEPT. OF | ) | |
| FINANCE, REAL PROPERTY TAX | ) | |
| DIVISION, COUNTY OF KAUAI, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S
MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY
<u>DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Plaintiff's motion, the Court GRANTS Plaintiff's Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment.

BACKGROUND

This foreclosure action is based on two mortgages obtained from the Rural Housing Service, United States Department of Agriculture ("RHS") by MacLoves on property located at Lot 98 of the Kapaa Meadow Homes Subdivision on the Island of Kauai (the "Mortgaged Property").

On July 15, 1986, MacLoves and a co-borrower, Crystal A. I. MacLoves,[1] executed a Promissory Note and Mortgage in the principal amount of $65,000 in favor of RHS. On February 2, 1994, MacLoves executed another Promissory Note and Supplemental Mortgage in favor of RHS in the principal amount of $30,000.

On July 15, 1986, MacLoves executed a "Subsidy Repayment Agreement," pledging the Mortgaged Property as security for the repayment of subsidies received from RHS. During the course of both loans described above, the Government granted MacLoves credit subsidies.

---

[1]On May 8, 1997, Crystal MacLoves was released from personal liability on the July 15, 1986 Promissory Note and Mortgage. Crystal MacLoves was not a co-borrower on the February 2, 1994 Promissory Note or Supplemental Mortgage. As a result, MacLoves is solely liable for both loans.

On May 8, 1997, MacLoves entered into two agreements to reamortize and defer the terms of both loans. Subsequently on February 2, 2000, MacLoves once again executed two agreements to reamortize both loans.

After MacLoves failed to make payments on the loans, RHS informed MacLoves on December 20, 2006, that: (1) the amounts due on both loans were being accelerated due to monetary default; (2) failure to make payment on the loans would result in RHS foreclosing upon the Mortgaged Property; and (3) MacLoves had a right to a discussion with RHS and a right to an administrative appeal.

On May 6, 2008, the Government filed a civil complaint, subsequently amended on May 22, 2008, against Cornell K. MacLoves, alleging that MacLoves defaulted on his obligations to the Government under the following instruments: (1) Promissory Notes, Mortgages, and Supplemental Mortgages; (2) Subsidy Repayment Agreements; (3) Reamortization and/or Deferral Agreements; and (4) Interest Credit Agreements; and (5) Reamortization Agreements (collectively, "Notes, Mortgages, and Agreements"). The amount of the principal on the Notes, Mortgages, and Agreements was $95,000.

MacLoves failed to answer the complaint or Amended Complaint. As a result, on June 23, 2008, an Entry of Default was entered against MacLoves. (Doc. # 17.)

On January 12, 2009, the Government filed the instant motion for summary judgment, interlocutory decree of foreclosure, and deficiency judgment. (Doc. # 36.) On February 10, 2009, Defendant Department of Finance, Real Property Division, County of Kaua'i filed a statement of no position as to the instant motion, reserving "its right to collect any property taxes, penalty and/or interest due and owing at the time of the foreclosure sale from the funds obtained after foreclosure." (Doc. # 39.) MacLoves never filed an opposition to the motion, nor has MacLoves filed any document in response to the Government's lawsuit.

## STANDARD OF REVIEW

Rule 56 requires summary judgment to be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Porter v. Cal. Dep't of Corrections, 419 F.3d 885, 891 (9th Cir. 2005); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000).

A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls upon the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

Once the moving party has carried its burden under Rule 56, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and may not rely on the mere allegations in the pleadings. Porter, 419 F.3d at 891 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). In setting forth "specific facts," the nonmoving party may not meet its burden on a summary judgment motion by making general references to evidence without page or line numbers. S. Cal. Gas Co. v. City of Santa Ana, 336 F.3d 885, 889 (9th Cir. 2003); Local Rule 56.1(f) ("When resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties."). "[A]t least some 'significant probative evidence'" must be

produced. T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290 (1968)). "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

Evidence and inferences must be construed in the light most favorable to the nonmoving party. Porter, 419 F.3d at 891. The court does not make credibility determinations or weigh conflicting evidence at the summary judgment stage. Id. However, inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. T.W. Elec. Serv., 809 F.2d at 631.

## DISCUSSION

In general, there is no federal foreclosure law; rather, state law serves as the law of decision in foreclosure actions. See Whitehead v. Derwinski, 904 F.2d 1362, 1371 (9th Cir. 1990) overruled on other grounds, Carter v. Derwinski, 987 F.2d 611 (9th Cir. 1993) (overruling holding that Veteran's Affairs's right of indemnity is secondary to its primary right of subrogation but not overruling general principle that foreclosure law is generally relegated to state law absent explicit Congressional preemption); see also In Re Morris, 204 B.R. 783, 785 (Bankr. N.D. Ala. 1996) ("[t]here is no federal foreclosure law").

Under Hawaii law, a foreclosure decree is only appropriate where all four of the following material facts have been established: (1) the existence of a promissory note, mortgage, or other debt agreement; (2) the terms of the promissory note, mortgage, or other debt agreement; (3) default by the borrower under the terms of the promissory note, mortgage, or other debt agreement; and (4) the giving of the cancellation notice and recordation of an affidavit to such effect. See IndyMac Bank v. Miguel, 184 P.3d 821, 835 (Haw. Ct. App. 2008) (citing Bank of Honolulu, N.A. v. Anderson, 654 P.2d 1370, 1375 (Haw. Ct. App. 1982)). "Thus, while it is necessary to provide evidence of a default . . . it is not necessary to determine 'a sum certain before foreclosure is decreed[.]'" Id. (citing Anderson, 654 P.2d at 1375).

Because MacLoves has failed to answer either the complaint or Amended Complaint or file any opposition to the instant motion, there appears to be no dispute as to the facts underlying the action. See Porter, 419 F.3d at 891. Accordingly, this Court reviews the evidence produced by the Government to determine if it is sufficient to establish that the Government is entitled to judgment as a matter of law.

This Court finds that the Government has shown that because it has produced evidence of all four Anderson factors, it is entitled to judgment as a

matter of law, a decree of foreclosure, and a deficiency judgment.  First, the Government has shown the existence and terms of the various Promissory Notes, Mortgages, Supplemental Mortgages, Subsidy Repayment Agreements, Reamortization Agreements, Deferral Agreements, and Interest Credit Agreements. (See Mot. Exs. A-D, F-L.)  Under the terms of the July 15, 1986 Promissory Note and Mortgage, for example, MacLoves agreed to a $65,000 33-year loan, with a maturity date of July 15, 2019, at 9.5% interest.  (Mot. Exs. A & B.)  MacLoves was required to make $539.00 in principal and interest payments.  (Id.)  Likewise, under the terms of the February 2, 1994 Promissory Note and Supplemental Mortgage, MacLoves agreed to a $30,000 33-year loan, at 6.5% interest.  (Mot. Exs. C & D.)  MacLoves was required to make $185.00 in principal and interest payments.  (Id.)  Accordingly, there is no dispute as to the existence and terms of the relevant Notes, Mortgages, and Agreements, and the Government has proven that it is entitled to judgment as matter of law with respect to the first two Anderson prongs.

   Next, the Government has shown that MacLoves defaulted on the two loans.  As of December 20, 2006, MacLoves had failed to make the required payments on the loans and was in "monetary default." (Mot. Ex. M.)  Furthermore,

as of January 6, 2009, MacLoves remained in default under the terms of the loans. (Mot. Chapman Aff. at ¶ 13.)

Finally, the requirement under Anderson that MacLoves be notified of the cancellation of his loans has been satisfied.  On December 20, 2006, after MacLoves became delinquent in his payments, RHS notified MacLoves that he was in default and that the amounts due on his loans were being accelerated due to default.  (Mot. Ex. M.)  MacLoves was also notified that he had a right to a discussion with RHS and a right to an administrative appeal.  (Id.)

Accordingly, as all four of the Anderson prongs have been met by the Government and MacLoves has failed to "set forth specific facts showing that there is a genuine issue" of material fact, this Court finds summary judgment appropriate.  Porter, 419 F.3d at 891.  The Court hereby orders an interlocutory decree of foreclosure and deficiency judgment.  The sum of the deficiency judgment need not be established at this juncture, however, as such sum can only be determined after sale of the Mortgaged Property.  See Anderson, 654 P.2d at 1375.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Government's Motion for Summary Judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, March 5, 2009.

_____
David Alan Ezra
United States District Judge

United States of America v. MacLoves, et al., CV No. 08-00202 DAE-KSC; ORDER GRANTING PLAINTIFF UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT, INTERLOCUTORY DECREE OF FORECLOSURE, AND DEFICIENCY JUDGMENT