FLORENCE T. NAKAKUNI      2286
United States Attorney
District of Hawaii

EDRIC CHING               6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, HI 96850-6100
Telephone: (808) 541-2850
Fax: (808) 541-2958
E-mail: edric.ching@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 08-00202 DAE KSC |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | GRANTING PLAINTIFF'S MOTION |
| vs. | ) | FOR ORDER TO CONFIRM SALE, |
| | ) | APPROVE THE COMMISSIONER'S |
| CORNEL K. MACLOVES, ET AL., | ) | REPORT, DISTRIBUTE PROCEEDS, |
| | ) | ISSUE A WRIT OF POSSESSION, |
| Defendants. | ) | AND AUTHORIZE DISPOSAL OF |
| | ) | PERSONAL PROPERTY |
| _____ | ) | |

FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S
MOTION FOR ORDER TO CONFIRM SALE, APPROVE THE
COMMISSIONER'S REPORT, DISTRIBUTE PROCEEDS, ISSUE A WRIT OF
POSSESSION, AND AUTHORIZE DISPOSAL OF PERSONAL PROPERTY

On September 11, 2009, Plaintiff United States of America filed a Motion for Order to Confirm Sale, Approve the Commissioner's Report, Distribute Proceeds, Issue a Writ of Possession, and Authorize Disposal of Personal Property.  The Court held a hearing on the motion on October 23, 2009 and,

having considered the record and arguments by counsel, the Court hereby makes the following finding and recommendations.

## FINDINGS OF FACT

1. This is a civil action brought by Plaintiff UNITED STATES OF AMERICA acting through the Rural Housing Service, United States Department of Agriculture ("Plaintiff USA"), seeking monetary judgment against Defendant Cornell MacLoves ("Defendant MACLOVES") on (1) Promissory Note, Mortgages and Supplemental Mortgages; (2) Subsidy Repayment Agreements; (3) Reamortization and/or Deferral Agreements; (4) Interest Credit Agreements; and (5) Reamortization Agreements.

2. On March 31, 2009, this Court granted Plaintiff USA's motion for summary judgment against Defendants and appointed Randall M.L. Yee to serve as the Commissioner to sell the mortgaged property.

3. On August 14, 2009, Commissioner Yee filed his report detailing the foreclosure of the mortgaged property:

   a. Open houses were held on July 12, 2009 and July 19, 2009 to allow the general public to view the property;

   b. On August 3,2009, at 12:00 p.m., in front of the Fifth Circuit Court Building, in Lihue, Hawaii, Commissioner Yee conducted a public auction for the sale of the mortgaged property; and

    c. At the public auction, Commissioner Yee received two bids and, after repeatedly soliciting higher bids and receiving none, the Commissioner declared the property sold to the Hawaii Housing Finance and Development Corporation ("Purchaser") for $153,201.00.

  4. Based upon the Commissioner's recommendation, and upon receiving no further bids at the hearing on this motion, this Court confirms the sale and finds that the winning bid of $153,201.00 by the Purchaser is a fair and reasonable bid for the mortgaged property.

  5. Commissioner Yee incurred fees and costs totaling $7,070.09, of which $1,635.01 was for expenses, $5,190.50 was for his commissioner's fee, and $244.58 was for taxes; the fees and costs are fair and reasonable.

  6. In letters dated October 27 and 28,2009, submitted to the Court by the Office of the County Attorney, County of Kauai, and the Department of Attorney General for the State of Hawaii, Defendants Department of Finance, Real Property Division, County of Kauai and Hawaii Housing Finance and Development Corporation do not intend to pursue deficiency judgments against Defendant MACLOVES.

RECOMMENDATIONS

Based on the foregoing findings of fact, the Court makes the following recommendations:

1.   The Commissioner's Report filed August 14, 2009 is ratified, approved, and confirmed.

2.   In accordance with the Findings of Fact, Conclusions of Law and Amended Order Granting Plaintiff United States of America's Motion for Summary judgment, Interlocutory Decree of Foreclosure, and Deficiency Judgment and Order Granting Plaintiff's Motion to Appoint Commissioner filed March 31, 2009, the sale of the mortgaged property to the Purchaser for $153,201.00 is ratified, approved and confirmed.

3.   Commissioner Yee, upon receipt of the full purchase price, shall make good and sufficient conveyance of the mortgaged property to the Purchaser.

4.   Commissioner is allowed the sum of $1,635.01 for expenses, $5,190.50 was for his commissioner's fee, and $244.58 was for taxes, for a total of $7,070.09.

5.   Out of the $153,201.00 received from the foreclosure sale of the property, plus any rentals received, Commissioner Yee shall pay:

    a.   The sum necessary, if any, to the appropriate authorities to pay delinquent real property taxes on the mortgaged property, prorated to the date of closing;

    b.   The sum necessary, if any, to the appropriate entity to pay delinquent lease rents on the mortgaged property, prorated to the date of closing;

    c. The sum of $1,635.01 to the Commissioner for expenses incurred in conducting the foreclosure sale;

    d. The sum of $5,190.50 in commissioner's fees and $244.58 in taxes to the Commissioner as the fee for services as Commissioner; and

    e. The balance of the proceeds to Plaintiff USA in partial satisfaction of its debt, plus any further advances made by Plaintiff USA for property expenses (e.g., real property taxes, fire and/or mortgage insurance premium, etc.).  The costs of closing will be paid out of the balance of the proceeds paid to Plaintiff USA.

  6. Upon making the conveyance of the property to the Purchaser and filing the distribution statement and account, the Commissioner shall be discharged from further duties and responsibilities as Commissioner.

  7. Defendants and all parties and persons claiming by, through, or under the Defendants shall be forever barred from any and all right, title, interest, and claims at law or in equity to the mortgaged property, except for liens for real property taxes and assessments lawfully imposed by governmental authorities against the property.

  8. Upon delivery of the conveyance to the Purchaser, the Purchaser, or the Purchaser's nominee shall be entitled to immediate, exclusive possession of the mortgaged property.  The

Court reserves jurisdiction to enter such orders as may be necessary or appropriate to assist Purchaser or Purchaser's nominee to gain such possession.

       9.   A judgment for possession and a writ of possession in favor of Purchaser or Purchaser's nominee shall be issued, commanding the sheriff to remove from the mortgaged property any tenants or occupants and any persons holding by, through, or under any tenant or occupant.

      10.   Commissioner Yee, Purchaser, or Purchaser's nominee is authorized to dispose of any personal property, if any, remaining on the mortgaged property.

      11.   Pursuant to sections 501-151 and 634-51, Hawaii Revised Statutes, as amended, any and all other and further encumbrances or purchase with respect to the mortgaged property, or any part, whose interest arises on or after May, 8, 2008, the date the Notice of Pendency of Action was filed in the State of Hawaii Bureau of Conveyances, are forever barred from any and all right, title, and interest in and to the mortgaged property.

//
//

12. This order is entered as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure as there is no just reason for delay.

DATED: November 9, 2009, Honolulu, Hawaii.



_____
Kevin S.C. Chang
United States Magistrate Judge

_____
United States of America v. MacLoves, Civil No. 08-00202 DAE KSC
FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR
ORDER TO CONFIRM SALE, APPROVE THE COMMISSIONER'S REPORT,
DISTRIBUTE PROCEEDS, ISSUE A WRIT OF POSSESSION, AND AUTHORIZE
DISPOSAL OF PERSONAL PROPERTY